**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miller Hardin & Holliday LLC, | No. CV-26-02907-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| E Bruce Brimacombe, et al., | |
| Defendants. | |

On April 27, 2026, Plaintiff filed the complaint.  (Doc. 1.)

On May 8, 2026, the Court issued its standard preliminary order, which states that unless the Court orders otherwise, the Clerk of Court shall terminate without further notice any Defendant in this action that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure within 90 days of filing the complaint.  (Doc. 12.)

On May 11, 2026, Defendant E. Bruce Brimacombe ("Brimacombe") filed a motion to allow electronic filing by a party appearing without an attorney by filling out a form the District of Arizona provides to pro se litigants.  (Doc. 14.)

On May 12, 2026, the Court granted Brimacombe's motion to file electronically. (Doc. 15.)

On May 13, 2026, Plaintiff filed a "Motion for Relif [sic] from Order," which seeks relief from the Court's standard preliminary order, specifically the "Doc. 12 requirement for service [of process] . . .  as a result of Brimacombe's general appearance at Doc. 14." (Doc. 16 at 1.)  According to Plaintiff, "Brimacombe voluntarily appeared in the matter by

the filing of his motion, removing any ability for Brimacombe to claim lack of personal jurisdiction." (*Id.* at 2.)  Plaintiff asks to be relieved of its duty to serve Brimacombe with process and also asks the Court to order Brimacombe to provide his "email, mailing address, and other contact information." (*Id.* at 4.)

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with [Rule 4 of the Federal Rules of Civil Procedure]." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).  "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (cleaned up).  "Defendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion or in a responsive pleading." *Id.*  In other words, a defendant must assert the defense in its first response to the complaint—be that an answer or a Rule 12 motion—or risk waiving the defense.  *Hays v. United Fireworks Mfg. Co.*, 420 F.2d 836, 843-44 (9th Cir. 1969) ("When they did appear, [the defendants] were entitled to assert the defense, under Rule 12(b)(4), that the action should be dismissed as to them for insufficiency of process.  Under that rule they could have asserted this defense either by motion or by answer.  Under Rule 12(b), however, if the defense is one which may be made by motion, it may be so made only if the motion is filed before pleading, if a further pleading is permitted.  Moreover, Rule 12(g) provides that if a party makes a motion under Rule 12 and does not include therein all defenses and objections then available to him which the rule permits to be raised by motion, he shall not thereafter, with exceptions not here relevant, make a motion based on any of the defenses or objections so omitted.").

Although failure to raise the defect of lack of personal jurisdiction in a response to the complaint (an answer or a Rule 12 motion) will waive the defense, it does not follow that failure to raise the defect in a form motion to allow electronic filing will similarly waive the defense.  In *Benny*, the plaintiff asserted that the defendants made a general

appearance, and thereby waived any objection to service of process under Rule 4, by filing three motions to extend the response deadline. 799 F.2d at 493. The Ninth Circuit considered this a "close question" but concluded that filing motions to extend the response deadline did "not manifest a 'clear purpose' to defend" and that "a motion to extend time to respond gives no hint that the answer will waive personal jurisdiction defects, and is probably best viewed as a holding maneuver while counsel consider how to proceed," such that the three motions "were insufficient to constitute a general appearance." *Id.*

A motion to file electronically likewise gives no hint as to whether the response to the complaint will waive personal jurisdiction defects. Such a motion strikes the Court as even less participatory than a motion to extend the response deadline—a pro se litigant who does not want the hassle of driving to the courthouse can file such a motion *before* filing a motion to extend time, or for that matter, a response to the complaint, to enable such documents to be filed from the comfort of home. Moreover, there is (unsurprisingly) no place on the electronic filing form to indicate whether the defense of lack of personal jurisdiction (or any other defense) will be asserted. Indeed, it would be odd and incongruous to expect a defense to be asserted on a form motion that has nothing to do with the merits of the case.

Finally, to the extent Plaintiff requests an order compelling Brimacombe to provide accurate contact information (because the contact information specified in the motion to file electronically is inaccurate), this request is denied as well. On this record, the Court has no way to determine which side is correct about the accuracy of Brimacombe's contact information. With that said, Brimacombe is reminded of his obligation, under LRCiv 83.3(d), to provide accurate and updated address information in the event of a move.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for relief from the Court's preliminary order (Doc. 16) is **denied**.

Dated this 14th day of May, 2026.

Dominic W. Lanza
United States District Judge

- 3 -